citizen suit under the CWA and Plaintiff is an environmental membership group that seeks to protect, preserve, and enhance the rivers, creeks, streams, lakes and oceans in California. ECF No. 1 at ¶¶ 9-10. Plaintiff alleges that Defendant is a facility that manufactures ready-mixed concrete. *Id.* at ¶ 74. Plaintiff alleges that Defendant has failed to prepare, implement, review, and update an adequate storm water pollution prevention plan. *Id.* at ¶¶ 108-111. Plaintiff seeks injunctive relief and civil penalties under the CWA. ECF No. 1 at 27-28.

Relevant to the issue of notice, the complaint alleges that Plaintiff provided the statutorily required pre-suit notice on August 23, 2023, and that a copy of the Notice is attached to the complaint as Exhibit A. Exhibit A is a nineteen-page letter, dated August 23, 2023, and captioned "SECOND AMENDED 60-day Notice of Violations and Intent to File Suit Under the Federal Water Pollution Control Act ("Clean Water Act")" (the "Second Amended Notice"). ECF No. 1 at 30.

On December 11, 2023, Defendant filed a motion to dismiss arguing the Second Amended Notice was deficient. ECF No. 6. That motion was fully briefed (ECF Nos. 11 & 12) and submitted to Magistrate Judge Barnes on February 6, 2024. ECF No. 15. Thereafter, Judge Barnes retired and the matter was reassigned to the undersigned on August 6, 2024. ECF No. 16. Plaintiff then filed a motion for leave to file a first amended complaint, and the Court heard oral argument.

**II.     Pending Motions**

There is significant overlap in the substance of the two pending motions. Defendant's motion to dismiss contends that the pre-suit notice was defective, creating an uncurable jurisdictional defect. Plaintiff's opposition to the motion to dismiss contends that any defect with the pre-suit notice does not deprive the Court of jurisdiction, and that any defect could be cured through leave to amend pursuant to a third amended notice (the "Third Amended Notice"). Plaintiff's motion seeking leave to file a first amended complaint (FAC) is predicated on that Third Amended Notice. At oral argument, the Court indicated to the parties its tentative understanding that the Second Amended Notice, on which the original complaint was based, was legally sufficient. At oral argument, Plaintiff's counsel indicated that Plaintiff's motion for leave

1 to amend could be denied as moot if the Court denies Defendant's motion to dismiss, a position Plaintiff reiterates in its notice of supplemental authority (ECF No. 22).[1] Whether the Second Amended Notice was sufficient, and if not, whether the defect is jurisdictional, is the crux of both motions.

### 1. Motion to Dismiss (ECF No. 6)

Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff's Second Amended Notice is defective and thus fails to comply with the CWA's prerequisites to a citizen suit. ECF No. 6 at 3. Defendant contends that the Second Amended Notice was defective because, even though it was sent by an attorney for Plaintiff via email, and Defendant had already been communicating with Plaintiff concerning an earlier notice, the Second Amended Notice itself did not contain the contact information for Plaintiff's counsel. *Id*. at 3-4. The Second Amended Notice was, however, sent via a cover email that included a phone number for Plaintiff's counsel, so Defendant was aware of the email address and telephone number of Plaintiff's counsel. *Id*. Despite having actual notice of precisely how to contact Plaintiff's counsel, Defendant contends that the notice required by 40 C.F.R. § 135.3(c) must include Plaintiff's counsel's "full name, address, and telephone number," and thus the Second Amended Notice was defective. Because courts strictly construe the CWA's pre-suit notice requirement, Defendant argues this Court lacks jurisdiction. *Id.* at 4-5.

Defendant's motion is supported by the Declaration of Benjamin Button, the president of Castle & King Rock & Ready. ECF No. 6-1. Button's declaration states that Defendant had been in communication with Plaintiff since receiving an earlier notice on June 16, 2023. ECF No. 6-1

---

[1] Plaintiff's notice of supplemental authorities reargues the issue presented by Defendant's motion to dismiss: whether the Second Amended Notice was legally sufficient. It is accordingly non-responsive to the subject of the Third Amended Notice—the only subject the Court allowed the parties to address through supplemental notices: "On the issue of the effect of the Third Amended Notice, Defendant shall file any notice with supplemental authority and a brief explanation of relevance of such authority by no later than May 1, 2025. Plaintiff may file a notice in response no later than May 6, 2025." ECF No. 20. The Court accordingly disregards the argument presented in Plaintiff's notice of supplemental authorities as an improper sur reply. For its part, Defendant's notice of supplemental authorities refers only to *Washington Trout v. McCain Foods, Inc*., 45 F.3d 1351, 1352 (9th Cir. 1995), which was already cited in this case (ECF No. 11 at 2-3).

1  at ¶¶ 2-3.  On August 23, 2023, Defendant received a communication from Plaintiff's counsel,
2  Mr. Gutierrez-Morales, who advised he was representing Plaintiff.  *Id.* at ¶ 6.  On that same day,
3  Defendant received the Notice.  *Id.* at ¶ 7.

4      Plaintiff argues that the notice requirement serves three functions, and that all were
5  satisfied here.  ECF No. 11 at 2-3.  "[T]he purpose of giving a sixty-day notice is to allow the
6  parties time to resolve their conflicts in a nonadversarial time period."  *Washington Trout v.*
7  *McCain Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995).  The notice also "alerts the appropriate
8  state or federal agency, so administrative action may initially provide the relief the parties seek
9  before a court must become involved."  *Id.*

10     Plaintiff contends the settlement purpose is served by providing adequate information to
11 place the defendant in a position to negotiate with a plaintiff.  ECF No. 11 at 3.  Plaintiff further
12 argues that a reviewing court may examine both the notice itself and the behavior of the recipients
13 to determine sufficiency.  ECF No. 11 at 3, citing *Klamath-Siskiyou Wildlands Ctr. v.*
14 *MacWhorter*, 797 F.3d 645, 651 (9th Cir. 2015), overruled on other grounds by *Cascadia*
15 *Wildlands v. Scott Timber Co.*, 105 F.4th 1144 (9th Cir. 2024).

16     Plaintiff claims that the Notice was sufficient, but it also submitted the Third Amended
17 Notice on December 11, 2023, in an "abundance of caution."  ECF No. 11 at 6.  Plaintiff
18 requested, in opposing the motion to dismiss, that "in the alternative" it be allowed leave to
19 amend.  *Id.*  Defendant filed a reply on January 5, 2024, which argued in part that Plaintiff should
20 not be allowed leave to amend because Plaintiff had no cause of action as it had been less than 60
21 days since the Third Amended Notice, and thus amendment would be futile.[2]  ECF No. 12 at 2-3.

---

[2] Defendant's reply also contains evidentiary objections to the Declaration of Gutierrez-Morales (ECF No. 12-1).  Objections 2 thru 6 are based on relevance grounds, resolution of which is not necessary for determination of the issues *sub judice*.  Objection 1 is based on hearsay because Gutierrez-Morales makes an allegation on information and belief that the initial notice in this matter was issued on June 8, 2023.  The date of the original notice is not significant to the Court's determination herein, and, in any event, the declaration of Mr. Button, Defendant's president, is largely in accord with Gutierrez-Morales as to the date of the initial notice as Button has averred that Defendant first received a notice of intent to sue on June 16, 2023.  ECF No. 6-1 at ¶ 3.  In any event, on a factual challenge to subject matter jurisdiction, courts adopt the evidentiary standards that governs summary judgment.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014).  At summary judgment, "a party does not necessarily have to produce evidence in a

4

**A.   Is the CWA's Notice Requirement Jurisdictional?**

Defendant argues, and Plaintiff appears to agree, that pre-filing notice is jurisdictional under the CWA. *See* Pl.'s Opp., ECF No. 11 at 4 ("Subject matter jurisdiction is established by providing a notice that is adequate on the date it is given to the defendant."). The issue is not that clear. The Ninth Circuit has held that the requirement is jurisdictional. *See Waterkeepers Northern Cal. v. AG Industrial Mfg.*, 375 F.3rd 913 (9th Cir. 2004) ("In our circuit, compliance with this notice provision is required for jurisdiction."). However, there is a Circuit split on the question. *See Cebollero-Bertran v. Puerto Rico Aqueduct and Sewer Authority*, 4 F.4th 63, 72-73 (1st Cir. 2021) (joining the Fifth and Eleventh Circuits in holding "the CWA notice requirement is not jurisdictional" and acknowledging the Third, Sixth, Seventh, Ninth, and Tenth Circuits treat the notice requirement as a jurisdictional rule). The First Circuit stated "the statutory text at issue does not refer to jurisdiction, and it is located in the CWA notice subsection, rather than the jurisdiction subsection. There is no Supreme Court precedent holding that similar notice requirements are jurisdictional." *Id.* at 72.

It is likely that if the Ninth Circuit were to revisit the issue, it would find that the notice requirement is not jurisdictional. In *Klamath-Siskiyou*, the Ninth Circuit was interpreting the notice provisions of the Endangered Species Act ("ESA"), but stated it could rely on case law concerning other environmental statutes: "The ESA notice provision contains language similar to citizen suit notice provisions in other environmental statutes, including the CWA and RCRA. We may look to interpretations of the notice provisions of these statutes to inform our interpretation of the notice provision here." 797 F.3d at 650 (internal citation omitted). Recently, in *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144 (9th Cir. 2024), the Ninth Circuit held that its language in prior cases construing the ESA notice provision as "jurisdictional" was incorrect in light of intervening Supreme Court precedent on jurisdictional requirements versus claims processing rules. The Ninth Circuit stated: "In view of intervening authority, we hold that the

---

form that would be admissible at trial." *See Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001). That is true here where the hearsay could be presented in a form that would be admissible at trial.

5

Supreme Court has effectively overruled our prior determination that the citizen-suit notice requirement of the ESA is jurisdictional. Rather, this notice requirement is a claims-processing rule and therefore subject to waiver and forfeiture." *Id.* at 1148. Thus, the Ninth Circuit has stated that: 1) the ESA and CWA notice provisions are "similar;" 2) that courts may look to case law interpreting notice provisions of other environmental statutes when interpreting the notice provision at issue; and 3) that the ESA notice provision is not jurisdictional. It therefore follows that, following *Cascadia Wildlands* and the Supreme Court precedent on which it relied, a court could find that the notice provision of the CWA is not jurisdictional. However, as recently 2023, the Ninth Circuit referred to the CWA notice requirement as a "jurisdictional necessity." *Cottonwood Envtl. Law Center v. Edwards*, 86 F.4th 1255, 1264 (9th Cir. 2023). Out of an abundance of caution, the Court thus proceeds with the understanding that under Ninth Circuit precedent, the CWA notice requirement remains jurisdictional.

      **B.  Sufficiency of the Notice**

Under the CWA, a plaintiff must provide notice of the alleged violation to the Agency, to the state in which the alleged violation occurred, and to the alleged violator. 33 U.S.C. § 1365(b)(1)(A). The notice must provide "sufficient information to permit the recipient to identify":

> [T]he specific [effluent] standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving the notice.

40 C.F.R. § 135.3(a). The notice is further required to "state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice." 40 C.F.R. § 135.3(c).

The CWA's notice requirement is "strictly construed," but a plaintiff is "not required to list every specific aspect or detail of every alleged violation." *Waterkeepers N. California v. AG Indus. Mfg., Inc.,* 375 F.3d 913, 917 (9th Cir. 2004). "Notice is sufficient if it is specific enough to give the accused company the opportunity to correct the problem." *San Francisco BayKeeper*

6

*v. Tosco Corp.*, 309 F.3d 1153, 1158 (9th Cir. 2002). "[T]he Clean Water Act's notice provisions and their enforcing regulations require no more than reasonable specificity." *Id.* "A reviewing court may examine both the notice itself and the behavior of its recipients to determine whether they understood or reasonably should have understood the alleged violations." *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 651 (9th Cir. 2015), overruled on other grounds by *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144 (9th Cir. 2024).

The notice requirement does not demand perfection, and the Ninth Circuit has stated: "We have sometimes been slightly forgiving to plaintiffs in this area, but even at our most lenient we have never abandoned the requirement there be a true notice that tells a target precisely what it allegedly did wrong, and when." *Center for Bio. Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801 (9th Cir. 2009). Here, Defendant does not argue that the Second Amended Notice failed to inform it of what it allegedly did wrong and when. Indeed, the Second Amended Notice includes a thorough discussion of Plaintiff's understanding of Defendant's alleged CWA violations. Instead, Defendant argues the Second Amended Notice is jurisdictionally defective because it did not include Plaintiff's counsel's contact information. The Second Amended Notice was sent via a cover email from Plaintiff's counsel. ECF No. 6-1 at 20, Ex. C to Button Decl. The email contained counsel's full name, email address, and phone number. *Id.* The Second Amended Notice itself also contained contact information for Plaintiff, as required by 40 C.F.R. § 135.3(a). ECF No. 6-1 at 38. Defendant complains counsel's information was not within the Second Amended Notice.

Defendant is incorrect that the notice requirement is not satisfied merely because Plaintiff's counsel's contact information was in the cover email of the Second Amended Notice as opposed to being included in the Second Amended Notice itself. Including such contact information in a cover email rather than in the body of a notice does not undermine the purpose of allowing the parties an opportunity to resolve the dispute prior to the case being filed. The parties clearly had that opportunity. Mr. Button, Defendant's president, states that the first notice of intent to sue letter was received on June 16, 2023. ECF No. 6-1 at ¶¶ 2-3. Mr. Button states he began communications with Plaintiff on June 17, 2023, more than two months before the Second

Amended Notice was sent. *Id.* at ¶ 4. Mr. Button further states he continued to communicate with Plaintiff and that on "August 23, 2023, Julio C. Gutierrez-Morales advised us that he was representing [Plaintiff] and thereafter continued to communicate with us on [Plaintiff's] behalf." *Id.* at 2. Thus, Defendant was aware of the identity of Plaintiff's counsel and was in contact with him as of August 23, 2023, the date of the Second Amended Notice. It is appropriate when considering the sufficiency of a pre-suit notice for the Court to consider the behavior of a party after receiving the notice. *See Cascadia Wildlands*, 105 F.4th at 1155 ("[A] review of Scott Timber's behavior after it received the notice letter underscores that it 'understood the alleged violations'").

Courts regularly find notices with similar minor imperfections sufficient and reject hyper-technical arguments such as the one made here. *See for example Naturaland Trust v. Dakota Finance LLC*, 41 F.4th 342, 350 (4th Cir. 2022) (rejecting the argument that identifying plaintiff in notice as "Trout Unlimited" rather than its proper name "South Carolina Trout Unlimited" rendered the notice deficient); *Cascadia Wildlands v. Scott Timber Co.*, 328 F.Supp.3d 1119, 1133 (D. Oregon 2018) (under the ESA, "notice on a subsidiary or one of several interrelated companies satisfies the pre-suit notice requirement.").

One of the most closely analogous cases is *Coastal Environmental Rights Foundation v. American Recycling Intern.*, 2017 WL 6270395 (S.D. Cal. 2017). In that case, defendant challenged "the Notice because although the letter identifies the contact information for Plaintiff's counsel, it does not specifically identify Plaintiff's contact information." *Id.* at *4. The court found that the notice identified the relevant parties, indicated that plaintiff was represented by counsel, provided counsel's contact information, and requested that communications be directed at counsel. *Id.* at *5. The court found the notice sufficient to meet the objective of providing a period of time for nonadversarial negotiation. *Id.* Similarly here, the cover email that sent the Second Amended Notice contained counsel's full name, email address, and telephone number and the Second Amended Notice contained the contact information for Plaintiff. ECF No. 6-1 at 20. Defendant was provided with contact information for both Plaintiff and Plaintiff's counsel. Defendant engaged in pre-suit communications with Plaintiff. ECF No.

8

6-1, Dec. of Button at ¶¶ 4-6.  The Second Amended Notice was sufficient.

**2. Motion for Leave to Amend (ECF No. 17)**

In the opposition to the motion to dismiss, Plaintiff requested alternatively leave to amend should the Court find the Notice was deficient.  Plaintiff then filed a motion for leave to amend, after the the motion to dismiss had been long pending, and stated the motion for leave to amend was filed in part "to move this case along."  ECF No. 19 at 3.  Plaintiff requests that if the motion to dismiss is denied, that the motion for leave to amend be "set aside as moot."  ECF No. 22 at 3.  As Plaintiff has effectively withdrawn the motion for leave to amend, the Court will deny the motion as moot.

Defendants objected that the Third Amended Notice could not serve as a basis for jurisdiction in *this case* because, absent jurisdiction when the case was filed, there would be nothing to amend.  However, having found the Second Amended Notice sufficient to establish this Court's jurisdiction, the Court need not resolve this objection.

Defendant also argues that the Third Amended Notice "necessarily operated as the start of a new *pre-litigation* 60-day notice period."  ECF No. 21 at 2.  However, the Third Amended Notice contained the same substance as the Second Amended Notice—adding nothing more than Plaintiff's counsel's contact information to the face of the notice, and then only because of Defendant's hyper-technical objections to the Second Amended Notice.  Nothing in the regulations or case law concerning the CWA's pre-suit notice requirements suggests that by submitting that substantively identical notice Plaintiff would then somehow be compelled to file a new lawsuit.

**III. Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Defendant's motion to dismiss (ECF No. 6) is DENIED;

2) Plaintiff's motion to amend (ECF No. 17) is DENIED AS MOOT;

3) Defendant shall have 14 days to file an Answer to the original complaint per Fed. R. Civ. P. 12(a)(4)(A); and

////

4) The Court will set a Rule 16 scheduling conference via separate order.

SO ORDERED:

DATED: May 15, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE